UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Clifton J. Rennie,** | **Civ. No. 11-2970 (RHK/JJG)** |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Scott Baniecke,** | |
| Respondent. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on Clifton J. Rennie's Amended Petition for Writ of Habeas Corpus (ECF No. 3) and Petitioner's Motion for Relief Pending Evidentiary Hearing (ECF No. 5). The petition was referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. The Court recommends the Amended Petition for Writ of Habeas Corpus be denied without prejudice and the Motion for Relief Pending Evidentiary Hearing be denied as moot.

**I.  Background**

Petitioner is a citizen and national of Liberia. (Administrative Record ("A.R.") at 4.) Petitioner originally entered the United States in 1997 on a visitor's visa. (A.R. at 4.) Petitioner was granted temporary protected status ("TPS"). While here on TPS, Petitioner applied for asylum and withholding of removal. (A.R. at 167, 396-400.) Asylum and withholding of removal were denied in 1999. (A.R. at 396-400.) After Petitioner's re-application for TPS was denied in 2005, he was without legal status in the United States. (A.R. at 380.)

Petitioner was convicted of 3rd Degree Criminal Sexual Conduct with a Minor in Minnesota state court on October 2010 and was sentenced to 36 months. (Declaration of Bradley M. Kuhns ¶ 4.) On October 14, 2010, Petitioner was arrested and detained by the Immigration and Customs Enforcement Agency ("ICE"). (Kuhns Decl. ¶ 5.) Because Petitioner had been convicted of an aggravated felony, he was subject to mandatory detention. (A.R. at 355.). *See also* 8 U.S.C. § 1226(c)(1). While Petitioner's removal status was under review, he filed numerous immigration forms requesting relief and opposing removal, as well as numerous motions before the Immigration Judge ("IJ") assigned to determine whether Petitioner should be removed. (*See* Kuhns Decl. ¶¶ 11, 12, 14, 15, 18, 22; A.R. at 110, 235-237, 359-373.)[1] Petitioner's removal proceedings continued for over one year, due to numerous requests for continuances.

Following the October 31, 2011 hearing, the IJ denied all relief and ordered the Petitioner be removed. (A.R. at 7-8.) On April 2, 2012, the Board of Immigrations Appeals ("BIA") affirmed the October 31, 2011 decision and denied Petitioner's requests for relief. (Samie Letter dated Apr. 10, 2012, Ex. 1, ECF No. 17.)

---

[1] The Court need not identify and discuss each of Petitioner's efforts to halt his removal because an alien may not seek review of the merits of an order for removal in district court. *See* 8 U.S.C. § 1252(a)(2)(C) (barring review of final order of removal when alien is removed based on commission of a crime of moral turpitude); *see also* § 1252(a)(2)(D) ("Nothing in subparagraph (B) or (C) . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."); § 1252(b)(2) ("The petition for review [of an order for removal] shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."). This interpretation is in accordance with the House of Representatives' Conference Committee Report. *See* H.R. Rep. No. 109-72, 151 Cong. Rec. H2813-01, H2872 (May 3, 2005) *available at* 2005 WL 1025891, at *137.

## II.     Discussion

The procedural posture of this matter is somewhat circuitous. As noted above, Petitioner filed or attempted to gain legal status in the United States through asylum, withholding of removal, and a Convention Against Torture application. When Petitioner filed this petition, he was administratively detained pursuant to 8 U.S.C. § 1226. Section 1226 governs detention before and during removal proceedings. Upon affirmation of his removal by the BIA, however, detention is then authorized by 8 U.S.C. § 1231, which governs detention of an alien who is subject to an administratively final order of removal. Accordingly, and as mentioned above, Petitioner is not challenging *removal*, but rather, *detention pending removal*. *See, e.g.*, *Moallin v. Cangemi*, 427 F. Supp. 2d 908 (D. Minn. 2006) ("Whether or not the Court grants Petitioner the relief he requests, he will still be subjected to removal. His habeas petition is an independent challenge (i.e., it is not dependent on the merits of his removal.")

Under § 1231, the government may detain an alien subject to an order of removal for at least 90 days. 8 U.S.C. § 1231(a)(1)(A). The 90-day detention period begins to run on the latest of:

> (i)    The date the order of removal becomes administratively final.
> (ii)   If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(i-iii). Further, the Supreme Court has interpreted § 1231 to allow the government to extend detention past the first 90-day period by another 90 days. *See Zadvydas v. Davis*, 533 U.S. 678, 682 (2001). It is only after this six-month period that an alien may seek release pending removal by providing "good reason to believe that there is no significant

3

likelihood of removal in the reasonably foreseeable future." *Id.* Once the alien has met his burden of demonstrating the unlikeliness of removal in the reasonably foreseeable future, the government may provide evidence to rebut that showing. *Id.* Importantly, though, this inquiry does not begin until six months after the latest of the three dates delineated in § 1231(a)(1)(B). Thus, detention pending removal is presumptively reasonable until at least September 29, 2012, or 180 days from the date the BIA affirmed Petitioner's removal.[2]

The Court must answer only one question: Is Petitioner presently entitled to relief based on his detention pending removal? The clear answer to this question "no." Because Petitioner is well within the presumptively reasonable period of detention following an administratively final order of removal, he is not entitled to habeas relief. The Court need not determine whether removal in the reasonably foreseeable future is likely because that issue is not yet ripe for decision. *See, e.g., Muratovic v. Napolitano*, Civil No. 3:12-CV-0124, 2012 WL 760601, at *5 (M.D. Pa. Mar. 8, 2012) (denying petition without prejudice because it was premature where petitioner was within the six-month period sanctioned by *Zadvydas*). Accordingly, the petition for writ of habeas corpus should be denied as premature. Petitioner may attempt to show that removal is not likely to occur in the reasonably foreseeable future at the conclusion of the presumptively reasonable six-month detention period.

Petitioner also moves for release based on the government's failure to timely respond to his petition for habeas corpus. Petitioner's motion should be denied as moot. On October 25, 2011, the Court ordered the government to show cause within thirty days why Petitioner's request for relief should not be granted. (Order, Oct. 25, 2011, ECF No. 4.) Petitioner made his motion for relief pending an evidentiary hearing on December 6, 2011, because the government

---

[2] The "presumptively reasonable" detention date would be extended if Petitioner seeks review of his removal in the Eighth Circuit.

did not respond within the thirty-day window provided by the Court's October 25, 2011 Order. (ECF No. 5.) On December 15, 2011, the Court granted the government's request for an extended deadline to respond to the Court's order to show cause. (ECF No. 7.)

### III. Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 3) be **DENIED** without prejudice;

2. Petitioner's Motion for Relief Pending Evidentiary Hearing (ECF No. 5) be **DENIED AS MOOT**; and

3. **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: May 15, 2012                           s/ *Jeanne J. Graham*
                                              JEANNE J. GRAHAM
                                              United States Magistrate Judge


### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **May 31, 2012**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.